**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BENJAMIN MCIVER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:12-CV-156 (MTT)** |
| | : | |
| **CARL HUMPHREY,** *et al.*, | : | **Proceedings under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Warden Carl Humphrey. Doc. 9. In the Motion, Defendant Humphrey argues that Plaintiff Benjamin McIver's claims against him are based solely on a theory of vicarious liability and thus not actionable pursuant to 42 U.S.C. § 1983. Id. Because Plaintiff fails to allege a sufficient factual basis for any of the prerequisites for imposing supervisory liability on Defendant Humphrey, it is hereby **RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

The above-styled 42 U.S.C. § 1983 action arises out of an alleged incident of excessive force that occurred at the Georgia Diagnostic and Classification Prison on May 13, 2011.[1] Plaintiff alleges that, while he was handcuffed in his cell during an extraction, Defendant Officer William Johns grabbed Plaintiff's head and beat Plaintiff's face and head against the concrete floor. Plaintiff claims that he suffered multiple bruises, a gash over his right eye requiring fourteen stitches, and a swollen-shut left eye because of the assault. In addition, Plaintiff claims that he has blacked out three times since the assault and that he continues to experience severe headaches.

---

[1] The facts presented herein appear as alleged in Plaintiff's initial or amended complaint. Docs. 1, 14.

Plaintiff also alleges that Defendant Humphrey knew that Defendant Johns used steroids and had prior violent outbursts, and that Defendant Humphrey deliberately placed Defendant Johns on the CERT Team for his size in order to intimidate inmates.

On May 3, 2012, Plaintiff filed the above-styled action against "Officer _____ John" and "Warden Carl Humphrey." Doc. 1. Plaintiff's complaint identified both excessive force and failure to protect claims. Id. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that Plaintiff sufficiently stated a colorable excessive force claim against the officer and a colorable failure to protect claim against the warden. Doc. 5. After concluding that Plaintiff's description of "Officer _____ John" was insufficient, the Court ordered service on Defendant Humphrey only with instructions for Defendant Humphrey to provide Plaintiff with the information necessary to identify "Officer _____ John." Id.

On July 10, 2012, Defendant Humphrey identified "Officer _____ John" as former CERT Officer William Johns and filed a motion to dismiss, arguing that Plaintiff's claims against him were based solely on a theory of vicarious liability and thus not actionable. Docs. 9, 10. Shortly thereafter, Plaintiff filed a motion to amend his complaint, which the Court granted on July 23, 2012. Docs. 14, 17. On August 13, 2012, Defendant Humphrey supplemented his motion to dismiss. Doc. 21. To date, Defendant Johns has not been served with the summons and complaint despite the Court's ongoing efforts to effectuate service. Docs. 20, 22, 23.

<u>DISCUSSION</u>

Because Plaintiff's claims against Defendant Humphrey are based on Defendant Humphrey's supervisory position as Warden of the Georgia Diagnostic and Classification Prison, and because Plaintiff does not establish a sufficient causal connection between Defendant

Humphrey's actions or inactions and the alleged constitutional deprivation suffered by Plaintiff, Defendant Humphrey must be dismissed as a party in the above-styled action.

Supervisory officials cannot be held liable under 42 U.S.C. § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). A supervisory official is liable only "'when the supervisor personally participates in the alleged constitutional violation or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007), quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Simply put, "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

To establish a causal connection, the plaintiff must show that the supervisor instituted a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights or that the facts support an inference that the supervisor directed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007). Alternatively, to establish a causal connection, the plaintiff must show that a history of widespread abuse put the supervisor on notice of the need to correct the alleged constitutional deprivation, and the supervisor fails to do so. West, 496 F.3d at 1328-1329. When considering whether a causal connection exists between the supervisor's action and the alleged constitutional deprivation, mere knowledge of a potential constitutional deprivation is not sufficient to impose liability. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Instead, the

plaintiff must allege some purposeful action by the supervisor to deprive the plaintiff of a constitutional right in order to state a claim against the supervisor. Id.

Additionally, to survive a motion to dismiss, the complaint must allege sufficiently specific facts that, accepted as true, "state a claim of relief that is plausible on its face." Iqbal, 556 U.S. at 678, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges facts that could reasonably allow the court to infer that the defendant is liable for the alleged misconduct. Id. Where the alleged facts do not allow the court to infer more than a mere possibility of misconduct, the complaint has not demonstrated that the plaintiff is entitled to relief. Id. Therefore, when examining the facts alleged in a complaint, the court must assume the facts to be true and "then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff, however, does not state a claim by merely making "naked assertions devoid of factual enhancement." Id.

Because Plaintiff does not suggest that Defendant Humphrey personally participated in the assault, the relevant inquiry is whether Plaintiff alleges a sufficient causal connection between Defendant Humphrey's actions and the alleged constitutional deprivation suffered by Plaintiff. To determine whether Plaintiff alleges a sufficient causal connection, it is necessary to review Plaintiff's allegations against Defendant Humphrey. In the original complaint, Plaintiff alleges that Defendant Humphrey "had a duty to properly train and he knew that [Defendant Johns] was a steroid user that had serious anger issues and often reacted with violence, [which] constitutes deliberate indifference to my health and safety." Doc. 1 at 6. In the amended complaint, Plaintiff alleges that Defendant Humphrey "had a duty to protect Plaintiff and properly train his subordinates" and that "[i]nstead through a custom and practice and orders of [Defendant Humphrey], the CERT Team and other officers commonly used excessive force. This

4

was ordered and known by [Defendant Humphrey] through videos and grievances his failure to take corrective actions led to and caused Plaintiff's injuries." Doc. 14-1 at 3.

Even after "liberally construing" the allegations set forth in the original and amended complaint because Plaintiff is proceeding *pro se*, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), Plaintiff fails to allege a sufficient causal connection between Defendant Humphrey's actions and the alleged constitutional deprivation based on Defendant Humphrey either instituting a custom of excessive force or knowing that his subordinates would act unlawfully and failing to stop them. Plaintiff summarily alleges Defendant Humphrey's subordinates, including the CERT Team, commonly used excessive force consistent with Defendant Humphrey's orders and that Defendant Humphrey knew about the use of excessive force and failed to stop them. Yet, Plaintiff's bare allegations appear to be a formulaic recitation of one of the prerequisites for imposing supervisory liability, namely that Defendant Humphrey instituted a "custom or policy [that] result[ed] in deliberate indifference to constitutional rights or [...] directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." West, 496 F.3d at 1328–1329 (internal quotations and citation omitted).

Where, as here, Plaintiff's conclusory allegations amount to nothing more than a "formulaic recitation" of the elements to impose supervisory liability, the allegations are not entitled to the presumption of truth when considering a motion to dismiss. Iqbal, 556 U.S. at 681. Additionally, Plaintiff's vague allegations against Defendant Humphrey do not contain sufficiently specific facts to conclude that Defendant Humphrey instituted a "policy or custom" of excessive force among his subordinates. See Goebert, 510 F.3d at 1332 ("Demonstrating a policy or custom requires show[ing] a persistent and wide-spread practice."). As such, Plaintiff

does not state a plausible claim for relief concerning the first prerequisite for establishing a causal connection and imposing supervisory liability on Defendant Humphrey.

Plaintiff also fails to allege a sufficient causal connection between Defendant Humphrey's actions and the alleged constitutional deprivation based on a history of widespread abuse. Although Plaintiff conclusorily alleges that Defendant Humphrey knew about prior incidents involving excessive force and that his failure to take corrective action led to Plaintiff's injuries, nowhere in Plaintiff's original or amended complaint does Plaintiff make any specific factual allegations about a history of widespread abuse of inmates at the Georgia Diagnostic and Classification Prison sufficient to put Defendant Humphrey on notice about the need to correct alleged constitutional deprivations. See West, 496 F.3d at 1328. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley, 193 F.3d at 1269. Plaintiff vaguely alludes to Defendant Humphrey having knowledge through certain unspecified videos and grievances, but Plaintiff wholly fails make any specific factual allegations about widespread abuse so "obvious, flagrant, rampant and of continued duration" to put Defendant Humphrey on notice. Hartley, 193 F.3d at 1269. As such, Plaintiff does not state a plausible claim for relief concerning the second prerequisite for establishing a causal connection and imposing supervisory liability on Defendant Humphrey.

CONCLUSION

For the above-stated reasons, it is **RECOMMENDED** that the Motion to Dismiss filed by Defendant Warden Carl Humphrey (Doc. 9) be **GRANTED**, and that Defendant Humphrey be dismissed as a party to this action. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve

and file written objections to this recommendation with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 4th day of January, 2013.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge