IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BENJAMIN MCIVER, | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-156 (MTT) |
| | : | |
| CARL HUMPHREY, *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is a Motion for Final Judgment filed by Defendant Warden Carl Humphrey. Doc. 33. Also before the Court is the issue of whether to dismiss Defendant Officer William Johns for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons stated below, it is **RECOMMENDED** that Warden Humphrey's Motion for Final Judgment be **GRANTED** and that Officer Johns be **DISMISSED** for failure to effect timely service.

## FACTUAL AND PROCEDURAL HISTORY

The above-styled 42 U.S.C. § 1983 action arises out of an alleged incident of excessive force that occurred at Georgia Diagnostic and Classification Prison on May 13, 2011.[1] Plaintiff alleges that, while he was handcuffed in his cell during an extraction, Officer William Johns grabbed Plaintiff's head and beat Plaintiff's face and head against the concrete floor. Plaintiff claims that he suffered multiple bruises, a gash over his right eye requiring fourteen stitches, and a swollen shut left eye because of the assault. In addition, Plaintiff claims that he has blacked out three times since the assault and that he continues to experience severe headaches. Plaintiff also alleges that although Warden Humphrey knew that Officer Johns used steroids and had prior

---

[1] The facts presented appear as alleged in Plaintiff's initial or amended complaint. Docs. 1, 14.

1

violent outbursts, Warden Humphrey deliberately placed Officer Johns on the CERT Team for his size in order to intimidate inmates.

On May 3, 2012, Plaintiff filed the above-styled action against "Officer _____ John" and "Warden Carl Humphrey." Doc. 1. Plaintiff's complaint identified both excessive force and failure to protect claims. Id. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that Plaintiff stated a colorable excessive force claim against Officer Johns and a colorable failure to protect claim against Warden Humphrey. Doc. 5. After concluding that Plaintiff's description of "Officer _____ John" was insufficient, the Court ordered service on Warden Humphrey with instructions for Warden Humphrey to provide Plaintiff with the information necessary to identify "Officer _____ John." Id.

On July 10, 2012, Warden Humphrey filed a motion to dismiss, arguing that Plaintiff's claims against him were based on a theory of vicarious liability and thus not actionable. Doc. 9. Warden Humphrey also identified "Officer _____ John" as former CERT Officer William Johns and noted that Officer Johns "is no longer employed at Georgia Diagnostic and Classification Prison." Doc. 10. Shortly thereafter, Plaintiff filed a motion to amend his complaint, which the Court granted on July 23, 2012. Docs. 14, 17. On August 13, 2012, Warden Humphrey supplemented his motion to dismiss. Doc. 21.

On January 4, 2013, a report and recommendation concluded that Warden Humphrey's motion to dismiss should be granted because Plaintiff's failure to protect claim was based on Warden Humphrey's supervisory position and because Plaintiff failed to establish a sufficient causal connection between Warden Humphrey's actions or inactions and any constitutional deprivation suffered by Plaintiff. Doc. 24. On January 31, 2013, the Court issued an order adopting the report and recommendation and granting Warden Humphrey's motion to dismiss.

Doc. 31. On February 22, 2013, Warden Humphrey filed his motion for final judgment. Doc. 33. To date, Officer Johns has not been served with the summons and complaint despite numerous efforts by the Court to effectuate service. Docs. 19, 20, 22, 23, 28, 29, 30, 32, 34, 35, 36.

## DISCUSSION

A. *Motion for Final Judgment*

In the Motion for Final Judgment, Warden Humphrey requests that the Court formally enter final judgment in his favor pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Doc. 33. Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. [Fed. R. Civ. P. 54(b).]

Generally, "[a] district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007). "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Id., quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). "Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." Lloyd, 483 F.3d at 777, quoting Curtiss-Wright, 446 U.S. at 8.

3

In this case, a partial final judgment may be certified under Rule 54(b). Regarding the first step of the two-step analysis, on January 31, 2013, the Court issued an order adopting the report and recommendation and granting Warden Humphrey's motion to dismiss, which completely disposed of Plaintiff's failure to protect claim against Warden Humphrey and left unresolved only Plaintiff's excessive force claim against Officer Johns. Doc. 31. As such, the Court's order appears to be "'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief." Lloyd, 483 F.3d at 777, quoting Curtiss-Wright, 446 U.S. at 7. Regarding the second step of the two-step analysis, there does not appear to be any "just reason for delay" in certifying the judgment against Warden Humphrey as final and immediately appealable, particularly where, as here, neither Plaintiff nor Warden Humphrey seem inclined to appeal the underlying decision to grant Warden Humphrey's motion to dismiss. Lloyd, 483 F.3d at 777-778, quoting Curtiss-Wright, 446 U.S. at 8. Moreover, it is undisputed that Warden Humphrey cooperated with the Court and with Plaintiff to provide all requested information necessary to ascertain the identity of Officer Johns and to attempt to serve Officer Johns at the most recent mailing address known to Warden Humphrey. Because Warden Humphrey's request for final judgment satisfies both steps in the two-step analysis, the Court could determine that a partial final judgment may be certified under Rule 54(b).

B. *Failure to Serve Officer Johns*

Because the record establishes that Officer Johns could not be located and served with reasonable effort by the Court, it is appropriate to dismiss Plaintiff's remaining excessive force claim against Officer Johns for failure to effect timely service. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, where the plaintiff fails to serve process within 120 days of

filing the complaint and does not show good cause for his failure, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Generally, "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). The Eleventh Circuit has recently concluded that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

In this case, the record establishes that the Court cannot locate Officer Johns, who no longer is employed at Georgia Diagnostic and Classification Prison, with reasonable effort. To date, the Court made the following reasonable efforts to timely serve Officer Johns with the summons and complaint: (1) ordering service on Officer Johns after his identity was ascertained by the Court (Docs. 17, 19, 20, 22); (2) notifying Plaintiff that the Court received an unexecuted process receipt and return for Officer Johns and ordering the parties to engage in limited discovery to ascertain the current location of Officer Johns (Doc. 23); (3) ordering service on Officer Johns for a second time after Warden Humphrey provided the Court with the last known address that Warden Humphrey had recorded for Officer Johns (Docs. 28, 29, 30, 32); and (4) ordering service on Officer Johns for a third time through personal service by the United States Marshal at the last known address for Officer Johns only to learn that current resident at that location did not know Officer Johns (Docs. 34, 35, 36).

Although Plaintiff acted reasonably by attempting to assist the Court with ascertaining the last known mailing of Officer Johns despite being incarcerated and unrepresented, the Court nevertheless has been unable to locate Officer Johns and serve him with the summons and complaint despite its exhaustion of all reasonable efforts to do so between July 2012 and March 2013. Accordingly, it is appropriate for the Court to dismiss Plaintiff's remaining excessive force claim against Officer Johns because the record demonstrates that Officer Johns could not be located with reasonable effort by the Court to effect service on behalf of Plaintiff. See Richardson, 598 F.3d at 740; see also Fed. R. Civ. P. 4(m).

## CONCLUSION

For the above-stated reasons, it is **RECOMMENDED** that Warden Humphrey's Motion for Final Judgment (Doc. 33) be **GRANTED** and that Plaintiff's claims against Officer Johns be **DISMISSED, without prejudice**, for failure to effect timely service. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 30th day of April, 2013.

s/ Charles H. Weigle_____  
Charles H. Weigle  
United States Magistrate Judge
